UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT POLANCO,<br><br>Defendant | Criminal No.<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Count Two: Conspiracy to Import Schedule II and Schedule IV Controlled Substances<br>(21 U.S.C. § 963)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INFORMATION

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The United States Attorney charges:

1. From in or about December 2015 through in or about July 2021, in the District of Massachusetts and elsewhere, the defendant,

ROBERT POLANCO,

conspired with others known and unknown to the United States Attorney to conduct and attempt to conduct financial transactions, to wit, processing credit card transactions and receiving and transmitting wire transfers:

 (a) knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activities, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, smuggling misbranded prescription drugs into the

United States, in violation of Title 18, United States Code, Section 545; distribution of Schedule II and Schedule IV controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and importation of Schedule II and Schedule IV controlled substances, in violation of Title 21, United States Code, Sections 952 and 963, with the intent to promote the carrying on of the specified unlawful activities, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activities, that is, wire fraud, in violation of Title 18, United States Code, Section 1343; smuggling misbranded prescription drugs into the United States, in violation of Title 18, United States Code, Section 545; distribution of Schedule II and Schedule IV controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and importation of Schedule II and Schedule IV controlled substances, in violation of Title 21, United States Code, Sections 952 and 963, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of those specified unlawful activities, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) involving property represented to be the proceeds of specified unlawful activity and property used to conduct and facilitate specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(A).

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT TWO</u>
Conspiracy to Import Schedule II and Schedule IV Controlled Substances
(21 U.S.C. § 963)

The United States Attorney further charges:

2.  From on or about December 7, 2015 to on or about July 30, 2021, in the District of Massachusetts and elsewhere, the defendant,

ROBERT POLANCO,

conspired with other persons known and unknown to the United States Attorney knowingly and intentionally to import into the United States Schedule II and Schedule IV controlled substances, that is, Adderall (Schedule II), hydrocodone (Schedule II), alprazolam (Schedule IV), carisoprodol (Schedule IV), diazepam (Schedule IV), phentermine (Schedule IV), Tramadol (Schedule IV), and zolpidem (Schedule IV), intending and knowing that such controlled substances would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 952(a) and (b) and 960(a)(1), (b)(3), and (b)(6).

All in violation of Title 21, United States Code, Section 963.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The United States Attorney further alleges:

3. Upon conviction of the offense in violation of 18 U.S.C. § 1956(h), set forth in Count One, the defendant,

ROBERT POLANCO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a. A forfeiture money judgment, in an amount to be determined at sentencing.

4. If any of the property described in Paragraph 3, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 3 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

<u>DRUG FORFEITURE ALLEGATION</u>
(21 U.S.C. § 853)

The United States Attorney further alleges:

5. Upon conviction of the offense in violation of Title 21, United States Code, Section 963, set forth in Count 2, the defendant,

ROBERT POLANCO,

shall forfeit to the United States, under Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. A forfeiture money judgment, in an amount to be determined at sentencing.

6. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

it is the intention of the United States, under Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 5 above.

All pursuant to Title 21, United States Code, Section 853.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:  /s/ KRISS BASIL
Digitally signed by KRISS BASIL
Date: 2022.03.29 13:25:51 -04'00'

Kriss Basil
Assistant U.S. Attorney