

U.S. Department of Justice

*Rachael S. Rollins*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 25, 2022

David J. Grimaldi, Esq.
929 Massachusetts Avenue, Suite 200
Cambridge, MA 02139

Re:   United States v. Robert Polanco

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Robert Polanco ("Defendant"), agree as follows, under Federal Rule of Criminal Procedure 11(c)(1)(B):

1.   Change of Plea

At the earliest possible date, Defendant will waive indictment and plead guilty to the attached Information, which charges him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 1), and conspiracy to import Schedule II and Schedule IV controlled substances, in violation of 21 U.S.C. § 963 (Count 2). Defendant admits that Defendant committed the crimes specified in the Information and is in fact guilty of each one.

Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

The U.S. Attorney agrees not to charge Defendant with substantive crimes pursuant to, or conspiracy charges based upon violations of, 18 U.S.C. §§ 1341, 1343, 1344, 1028, or 1028A, or pursuant to 21 U.S.C. §§ 331, 841, 846, or 952 based on the conduct underlying the crimes charged in this case that is known to the U.S. Attorney at this time.

2.   Penalties

Defendant faces the following maximum penalties: for Count 1, incarceration for 20 years; supervised release for 3 years; a fine of $500,000 or twice the pecuniary gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged

in the Information; and for Count 2, incarceration for 20 years; supervised release for at least 3 years; a fine of $1,000,000 or twice the pecuniary gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

2. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 33:

a) For Count One of the Information:

   i. Defendant's base offense level is 24, based on a level of 8 plus the value of the laundered funds, which is at least $1,500,000 but not greater than $3,500,000 (USSG §§ 2S1.1(a)(2), 2B1.1(b)(1)(I));

   ii. Defendant's offense level is increased by 6, because Defendant knew or believed that some of the laundered funds were the proceeds of, or were intended to promote an offense involving the importation or distribution of a controlled substance (USSG § 2S1.1(b)(1));

   iii. Defendant's offense level is increased by 4, because Defendant was in the business of laundering funds (USSG § 2S1.1(b)(2)(C));

   iv. Defendant's offense level is increased by 2, because the offense involved sophisticated laundering (USSG § 2S1.1(b)(3)); and

   v. Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

b) For Count Two of the Information:

   i. Defendant's base offense level is 12, because the defendant and his co-conspirators agreed to import at least 80,000 units or more of Schedule IV substances (USSG §§ 2D1.1(a)(5) & (c)(14)); and

   ii. Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

c) Grouping:

   i. Defendant's offense level is not increased or decreased due to multiple counts because Counts 1 and 2 constitute a single group and because, if grouped separately, the offense level for Count 2 is nine or more levels less than the offense level for Count 1.  (USSG §§ 3D1.2(c) and (d), 3D1.4(c)).

Defendant understands that the Court is not required to follow this calculation or even to

sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

3. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration at the low of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

b) a fine at the low end of the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution as order by the Court at sentencing; and

f) forfeiture as set forth in Paragraph 5.

The United States also agrees that if the defendant completes one year of supervised release in compliance with all conditions of release, the United States will not object to modification of the conditions of release to allow the defendant to live abroad.

Defendant agrees to recommend a sentence consistent with 18 U.S.C. § 3553.

4. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 135 months or more.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

5. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. a forfeiture money judgment, in an amount to be determined at sentencing.

Defendant admits that this amount is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from the offense, the value of the property used to facilitate Defendant's offense, and/or the amount of money involved in Defendant's offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

6.  Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7.  Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kriss Basil.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: _____
Stephen E. Frank,
Chief
Seth B. Kosto,
Deputy Chief
Securities, Financial & Cyber Fraud Unit

KRISS BASIL
Digitally signed by KRISS BASIL
Date: 2022.03.25 14:29:30 -04'00'
_____
Kriss Basil
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge(s) against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Robert Polanco
Defendant

Date: 03/29/2022

I certify that Robert Polanco has read this Agreement and that we have discussed what it means. I believe Mr. Polanco understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

David J. Grimaldi, Esq.
Attorney for Defendant Robert Polanco

Date: 03/29/2022